No. 13,444.

TWOGOOD *v.* OCSAY.
(49 P. [2d] 437)

Decided July 1, 1935.  On rehearing, department opinion adhered to en banc, September 16, 1935.

Mr. Felix L. O'Neill, for plaintiff in error.

Mr. Bentley M. McMullin, Mr. Charles A. Petrie, for defendant in error.

*En Banc.*

Mr. Chief Justice Butler delivered the opinion of the court.

This case involves the question of the right to redeem from a mechanic's lien foreclosure sale.

A. P. Cauley owned certain real estate. W. S. Moberly, a lienor, sued to foreclose his lien. One Gratke, another lienor, intervened. Personal judgments were rendered against Cauley in favor of the several lien claimants, including Gratke. The property was ordered sold to satisfy the liens, which amounted to more than $2,526. At the sale, held May 13, 1935, the property was sold to L. Scott Twogood, the plaintiff in error, for $825. The share of the proceeds received by Gratke paid only a part of his judgment, leaving a balance of $51.82 unsatisfied. Three days after the sale Gratke filed for record with the clerk and recorder a transcript of his judgment. On November 3, 1933, he assigned the unpaid portion of his judgment to Helen Ocsay, the defendant in error, who promptly filed the assignment for record with the county clerk and recorder. On November 10, 1933, she gave statutory notice of her intention to redeem the property from said sale. On the 16th of November and again on the 18th the defendant in error tendered to the sheriff of the proper county the amount necessary to redeem. On November 17 the plaintiff in error commenced suit against the defendant in error and the sheriff to restrain the sheriff from permitting the defendant in error to redeem, and a

302

temporary injunction was issued and served. Upon final hearing, the court decreed that the sheriff receive the tendered redemption money and issue and deliver to the defendant in error the certificate of redemption demanded by her. That is the judgment sought to be reversed.

It is our opinion that the judgment is right.

█ Section 6455, Compiled Laws, provides that upon foreclosure sale in mechanic's lien cases "there shall be the same rights of redemption as are provided for in the case of sales of real estate on executions." Section 2, chapter 151, Session Laws of 1929, as amended by section 1, chapter 140, Session Laws of 1931, provides that if the owner, etc., does not redeem within six months after the sale, "the * * * lienor having the lien, senior, * * * on the sold premises or some part thereof subsequent to the lien upon which such sale was held may redeem within ten days after the expiration of the above redemption period * * *." It is contended that the defendant in error is not entitled to redeem because her lien is not subsequent to the lien upon which the sale was held. We cannot agree with that contention. The only lien her assignor had prior to the sale was a mechanic's lien. That lien was wiped out by the sale. Gratke then had an unsatisfied judgment, but no lien. He subsequently acquired a lien by filing with the clerk and recorder a transcript of his judgment, as provided by sections 5898 and 6455, Compiled Laws. The latter section, relating to mechanic's lien cases, provides that "A transcript of the docket of said judgment and decree may be filed with the recorder of the county where such property is situated * * * and thereupon said judgment and decree shall become a lien upon the real property * * * of each party so personally liable * * * as in other cases of recording transcripts of judgment." The former section provides for the filing of a transcript of the docket entry of any judgment, and that "from the time of filing such transcript the judgment shall become a lien upon all the real

property of such judgment debtor,'' etc. When the transcript in this case was filed the title to the property was in Cauley, and as the sheriff's deed has not issued, the record title is still in him. At the time the transcript was filed Cauley not only had the record title, but he had the right of redemption and also the right to the possession of the property. Upon the filing of the transcript the lien of the personal judgment attached to Cauley's interest in the property.

Unquestionably, the defendant in error, to whom Gratke assigned his judgment, was the holder of a lien subsequent to the lien upon which the sale was held; that is to say, subsequent to the mechanic's lien. As such, she had the right to redeem.

The judgment is right. It is affirmed.

MR. JUSTICE YOUNG concurs in the conclusion. MR. JUSTICE BOUCK and MR. JUSTICE HOLLAND dissent.